IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

VALERIE A. WALKER                                                                       PLAINTIFF

v.                              CASE NO. 4:25-CV-00170-JM

SARACEN CASINO RESORT LLC, *et al*.                                           DEFENDANTS

### ORDER

Plaintiff Valerie A. Walker, a former employee of Saracen Casino, paid the filing fee and initiated this *pro se* case on February 27, 2025, alleging she experienced workplace race, gender, and disability discrimination, retaliation, and was wrongly fired in violation of federal and state employment laws. (Doc. 1). Walker sues Saracen as well as eleven of its employees, the Arkansas Gaming Commission, and the Quapaw Nation along with its Chair Wena Supernaw. (*Id*.). Before the Court are several pending motions, including Defendants' motions to dismiss (Doc. 20, 22, 24), Walker's motions for default (Doc. 35, 40), and Defendants' motion to strike (Doc. 41). The Court will address the motions in turn.

  I.   **Motions to Dismiss**

     A.   Quapaw Nation[1] and Chair Wena Supernaw

Separate Defendants Quapaw Nation and its Chair Wena Supernaw move to dismiss arguing this Court lacks both subject-matter and personal jurisdiction, that Walker failed to secure sufficient process and service of process, and finally that Walker has failed to state a claim upon which relief can be granted. (Doc. 20). The motion to dismiss (Doc. 20) is GRANTED because

---

[1] The Court directs the Clerk to correct Defendant's name on the docket sheet from "Quapaw Tribe Nation" to "the Quapaw Nation." (Doc. 20 at 2).

these defendants are entitled to tribal sovereign immunity[2] and were not Walker's employer[3] in any event.[4]

B. Individually Name Defendants

Separate Defendants Matt Harkness, Lori Whillock, Terry Ballard, Rebecca Turchi, John McNeil, Darlene Martino, Vanorris Sims, Aaron Kendrick, William Billy Ray, Barbara Smith, and Christy Thompson move to dismiss the claims against them alleging that Walker has failed to secure sufficient process, service of process, and failed to state a claim upon which relief can be granted. (Doc. 22). Walker responded. (Doc. 31). Their motion to dismiss (Doc. 22) is GRANTED because Walker's individual coworkers and supervisors cannot be held personally liable for discrimination.[5] As a result, Walker has not stated a claim upon which relief can be granted against these defendants, and they are dismissed from this case.[6]

C. Saracen Casino Resort, LLC[7]

Separate Defendant Saracen moves to dismiss arguing that Walker has failed to secure both sufficient process and service of process in violation of FED. R. CIV. P. 12(b)(4)–(5). (Doc. 24). Specifically, Saracen takes issue with the summons issued by the Clerk and addressed to: Saracen Casino Resort, LLC, 1 Saracen Dr., Pine Bluff, AR 71603. (Doc. 24). Saracen argues that (1) the

---

[2] *See Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788–90 (2024); *Kodiak Oil & Gas Inc. v. Burr*, 932 F.3d 1125, 1131 (8th 2019).

[3] 42 U.S.C. § 2000e(b).

[4] The Court makes no findings on the merits of the Quapaw Nation's and Chair Supernaw's remaining reasons to dismiss.

[5] 42 U.S.C. § 2000e-2; *see Carson v. Lacy*, 856 Fed. App'x 53, 54 (8th Cir. 2021) (Title VII & ACRA); *Hawkins v. Ark. Dep't of Human Serv.*, 2017 WL 10621235, *4 (citing *Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011)(ADA); ARK. CODE ANN. § 16-23-107(c)(1)(A) (ACRA).

[6] The Court makes no findings on the merits of Individual Defendants' remaining reasons to dismiss.

[7] The Court directs the Clerk to correct Defendant's name on the docket sheet from "Saracen Casino Resort, LLC" to "Saracen Development, LLC d/b/a Saracen Casino Resort." (Doc. 24).

summons was issued to an incorrect name, (2) failed to list its registered agent, Carlton Saffa, and (3) carbon copied a law firm not authorized to accept service. (*Id*.). Saracen also challenges the validity of the affidavit of service, which was dated four days before receipt of the green card. (*Id*.). Saracen's motion to dismiss (Doc. 33) is DENIED.

While proceeding *pro se*, Walker is not indigent and is responsible for completing good service under the federal rules. That responsibility includes providing the Court with valid service information on which to issue summons.[8] Conversely, the case is young, Walker has been reasonably diligent in pursuing her claims, and the Court is disinclined to dismiss Walker's claims without first providing her an opportunity to cure the issues.[9] Accordingly, the Court *sua sponte* extends the time for service.[10] Walker is warned that it is her responsibility to serve Saracen and to file proof of service with the Court in compliance with FED. R. CIV. P. 4.[11]

Notice is hereby given to Walker that the Court will dismiss this action unless proof of service is filed on or before **August 15, 2025**.

## II.  Motions for Default

Walker's motions for default judgment (Doc. 35, 40) are DENIED. With the exception of the Arkansas Gaming Commission, all the named defendants have timely responded and properly

---

[8] *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (*per curiam*).

[9] When Walker initiated this case, she requested leave to proceed *ifp*. Had that request been granted, the Court would have had the burden of securing service. 28 U.S.C. § 1915(d).

[10] Fed. R. Civ. P. 4(m); *cf Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010).

[11] Walker's attention is directed to the fact that she is required to be familiar and comply with all Federal Rules of Civil Procedure as well as the Local Rules of this Court. In particular, Walker's attention is brought to FED. R. CIV. P. 4, which governs service.

These rules are available online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure and http://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

defended themselves. Default against the Arkansas Gaming Commission also fails. As Defendants suggest (Doc. 38), it is likely that, in naming the Arkansas Gaming Commission, Walker intended to name the Arkansas Racing Commission. The Arkansas Racing Commission is a state agency charged with regulating "thoroughbred racing and casino gambling in the State of Arkansas"[12] and is not located at the address provided by Walker in the Complaint.

Within 30 days of this Order, Walker is directed to clarify if she intended to sue the Arkansas Gaming Commission. If Walker does not respond, the Court will dismiss the Arkansas Gaming Commission as a named defendant.   LOCAL RULE 5.5(c)(2); FED. R. CIV. P. 4(m).

### III.    Motion to Strike

Because Walker did not seek leave to file a reply, Defendants' move to strike Walker's Reply (Doc. 39). They also move to strike Walker's Motion for Default (Doc. 40). The motion to strike (Doc. 41) is DENIED.

IT IS SO ORDERED this 6th day of June 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[12] *See* www.dfa.arkansas.gov/office/racing-commison/   Outside of the caption of the case, Walker does not explain why she names the Racing Commission, if that is in fact who she intended to sue.