## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**VALERIE A. WALKER**                                                      **PLAINTIFF**

**v.**                            **CASE NO. 4:25-CV-00170-JM**

**SARACEN CASINO RESORT, *et al.***                              **DEFENDANTS**

### ORDER

Plaintiff Valerie A. Walker paid the filing fee and initiated this *pro se* case on February 27, 2025. (Doc. 1).   By Order issued on June 6, 2025, the Court narrowed the defendants on motions to dismiss, *sua sponte* extended the time for service, and directed Ms. Walker to do the following: (1) clarify within 30 days whether she intended to sue the Arkansas Gaming Commission, and (2) file proof of service for Saracen Development, LLC d/b/a Saracen Casino Resort no later than August 15, 2025. (Doc. 45). Ms. Walker was specifically warned that her failure to comply would result in the dismissal of her complaint. (*Id*. at 3).

Before the Court, are Ms. Walker's motion to clarify wherein she asks the Court to seal two previously filed proofs of service (Doc. 46) and motions for default judgment (Doc. 47, 50). Separately, Defendant Saracen Development moves to strike her motion to seal (Doc. 48). These motions are denied as moot because Ms. Ms. Walker has not complied with the Court's June 6, 2025 Order. Ms. Walker has not clarified her intent to sue the Arkansas Gaming Commission, has not sought to have summons reissued on Saracen Development, nor has she timely file proof of service. In fact, a careful reading of Defendant's brief in support of its previously filed motion to dismiss essentially served as an outline of exactly how to perfect process and service against it. (Doc. 25). For these reasons, Ms. Walker's complaint will be dismissed without prejudice.   An *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3).

IT IS SO ORDERED this 28th day of August 2025.

_____
UNITED STATES DISTRICT JUDGE